From Homer L. Kreider, Harrisburg, Pa.

## Ellwerth's Estate.

*Guy K. Bard*, for exceptions; *Charles W. Eaby*, contra.

APPEL, P. J., Oct. 16, 1930.—Exception is filed to the adjudication in this estate because the claim of the undertaker who buried Eliza E. Ellwerth, widow of the decedent, was not allowed. This is a hard case, and if there could be found any legal authority to sustain this claim the court would very willingly direct its payment.

John E. Ellwerth died July 1, 1925, leaving a last will, the material parts of which are as follows:

"Item: I give, devise and bequeath the income of my entire Estate, Real, Personal and mixed, unto my dear Wife, Eliza A. Ellwerth for and during the term of her natural life. . . .

"I order and direct that if the income from my Estate is not sufficient for the comfortable maintenance of my wife, my Executor, Charles R. Cooper, shall pay from the principal of my estate a sum to be added to the income to make a sum sufficient for the comfortable support and maintenance of my wife."

At the death of his widow testator gave a number of legacies to various persons and the residue to other persons, some of whom are now living in distant lands. The principal of the estate for distribution amounts to nearly $10,000, and yet it seems none of it may be lawfully used to pay the funeral expenses of his widow, who died five years after her husband.

It is contended by counsel for exceptant that the item of testator's will above quoted giving the executor power to use of the principal of the estate for the "comfortable support and maintenance of my wife" is sufficient authority for the payment of her funeral expenses. This contention cannot be sustained. Just how money expended for the widow's funeral expenses can contribute to her "comfortable support and maintenance" has not been shown. She enjoyed the income from his estate as long as she lived. Testator made no provision for the payment of her funeral expenses after she died. There is no authority under the will to deplete the estate for this purpose. In the absence of such authority the claim must be disallowed.

Exceptions dismissed and adjudication confirmed absolutely.

From George Ross Eshleman, Lancaster, Pa.